IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHANETTE JENKINS-PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25-cv-2205-SHL-tmp |
| | ) | |
| FIRST HORIZON BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Shanette Jenkins-Parks's complaint.[1] Because Jenkins-Parks is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned recommends that Jenkins-Parks's complaint be dismissed.

### I. PROPOSED FINDINGS OF FACT

Jenkins-Parks filed her complaint on February 24, 2025, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (ECF No. 2.)

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

[2]The undersigned granted Jenkins-Parks leave to proceed *in forma pauperis* on July 14, 2025. (ECF No. 7.)

She alleges that she "is a consumer as defined under the FCRA,"[3] and that defendant First Horizon Bank ("First Horizon") "is a financial institution." (Id. at PageID 2.) She alleges that First Horizon "reported inaccurate late payments and derogatory marks on [her] closed account despite timely payments and account closure at the bank's request." (Id.) She states that she "disputed the inaccurate information with credit reporting agencies, yet [First Horizon] failed to conduct a reasonable investigation."

Jenkins-Parks seeks to bring one claim each under the FCRA and the FDCPA.[4] (Id. at PageID 3.) First, it appears that Jenkins-Parks is alleging First Horizon violated § 1681s-2(b) of the FCRA based on its failure to conduct a reasonable investigation into disputed information. (Id.) Second, it appears that Jenkins-Parks is alleging that First Horizon violated § 1692f of the FDCPA, stating that it "engaged in unfair and deceptive collection practices by furnishing and maintaining inaccurate information. (Id.) As relief, she

---

[3]The FCRA defines a consumer broadly as "an individual." 15 U.S.C. § 1681a(c). The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

[4]Jenkins-Parks does not identify specific sections of either act. (See ECF No. 2 at PageID 3.) Thus, the undersigned has attempted to identify the relevant provisions based on the allegations of her complaint.

requests actual, statutory, and punitive damages, as well as costs for filing this suit. (Id. at PageID 4.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Legal Standard

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally

construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B. FCRA Claim**

It appears that Jenkins-Parks seeks to bring her first claim under § 1681s-2(b) of the FCRA. "[Section] 1681s-2 is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information."[5] Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 614 (6th Cir. 2012). "[It] works in two phases." Id. First, under § 1681s-2(a), "it imposes a duty to provide accurate information." Carter, 2025 WL 1065379, at *4 (citing LaBreck, 2016 WL 6927454, at *2). Second, under § 1681s-2(b), it imposes "a duty to undertake [a reasonable] investigation upon receipt of notice of dispute from a [consumer

---

[5]"While § 1681s-2 does not define 'furnisher,' courts have defined the term as 'any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies.'" Carter v. Holzman L., PLLC, No. CV 24-11990, 2025 WL 1065379, at *3 (E.D. Mich. Feb. 13, 2025), report and recommendation adopted, 2025 WL 868615 (E.D. Mich. Mar. 20, 2025) (quoting LaBreck v. Mid-Mich Credit Bureau, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016)).

reporting agency].ND Id. (citing LaBreck, 2016 WL 6927454, at *2).

"A private cause of action against a furnisher of information [under § 1681s-2(b)] does not arise until a consumer reporting agency provides proper notice of a dispute." Brown v. Wal-Mart Stores, Inc., 507 F. App'x 543, 547 (6th Cir. 2012) (citing Boggio, 696 F.3d at 615-16). Thus, to plausibly state a claim under § 1681s-2(b), a plaintiff must at least allege that they disputed an inaccuracy with a consumer reporting agency, that the consumer reporting agency then notified the furnisher of that dispute, and that the furnisher then violated a statutory duty under § 1681s-2(b)(1)(A)-(E). See Rajapakse v. Credit Acceptance Corp., No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021) (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E); Boggio, 696 F.3d at 616-18) (affirming dismissal of complaint under Rule 12(b)(6) because plaintiff "did not allege that [defendant] violated any of the statutory duties to investigate and properly report information once notified of her dispute related to [defendant]"); see also Green v. Cont. Callers, Inc., No. 3:21-CV-2005, 2022 WL 2209436, at *2 (N.D. Ohio June 21, 2022) (citing Rajapakse, 2021 WL 3059755, at *2) (finding that plaintiff failed to state a § 1681s-2(b) claim).

Here, Jenkins-Parks's allegations are bare bones. She alleges only that First Horizon reported inaccurate information,

that she disputed that information with "credit reporting agencies," and that First Horizon then failed to conduct a reasonable investigation. (ECF No. 2 at PageID 2.) She has not alleged *any* facts to plausibly plead a claim.

First, she refers vaguely to "late payments and derogatory marks," (id.), but has not alleged any facts describing what those mischaracterized late payments and "derogatory remarks" were or how they were inaccurate. See Settles v. Trans Union, LLC, No. 3:20-CV-00084, 2020 WL 6900302, at *5 (M.D. Tenn. Nov. 24, 2020) ("[T]o establish any FCRA violation Plaintiff must show that the credit report is patently incorrect or materially misleading"; finding that plaintiff had not plausibly alleged that the reported information was inaccurate and dismissing for failure to state a claim). Second, Jenkins-Parks has not alleged that a consumer reporting agency notified First Horizon of her dispute to trigger its duties under the FCRA—let alone identified which consumer reporting agencies she filed a dispute with. See Green v. Navy Fed. Credit Union, No. 3:24-CV-632, 2024 WL 4564421, at *2 (N.D. Ohio Oct. 24, 2024) ("Absent this essential element, Plaintiff's FCRA claim cannot proceed and fails as a matter of law."). Lastly, she has not alleged any facts as to how First Horizon "violated any of the statutory duties to investigate and properly report information once notified of her dispute." Rajapakse, 2021 WL 3059755, at *2

(citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E); Boggio, 696 F.3d at 616-18). Accordingly, Jenkins-Parks fails to state a § 1681s-2(b) claim, and the undersigned recommends that her claim under this section be dismissed.

**C.   FDCPA Claim**

It appears that Jenkins-Parks seeks to bring her second claim under § 1692f of the FDCPA. "Congress passed the FDCPA to address the widespread and serious national problem of debt collection abuse by unscrupulous debt collectors." Currier v. First Resol. Inv. Corp., 762 F.3d 529, 533 (6th Cir. 2014) (citations omitted). Section 1692f of the FDCPA "prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt." Carter, 2025 WL 1065379, at *6 (quoting 15 U.S.C. § 1692f) (citation modified). "It sets forth a non-exhaustive list of conduct that rises to that level." Currier, 762 F.3d at 534. (citing Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 461-62 (6th Cir. 2013), abrogated by Obduskey v. McCarthy & Holthus LLP, 586 U.S. 466 (2019); Limited, Inc. v. C.I.R., 286 F.3d 324, 332 (6th Cir. 2002)). To state a claim under the FDCPA, Jenkins-Parks must allege that: (1) she is a "consumer" under the FDCPA; (2) the "debt" arises out of transactions entered primarily for personal, family or household purposes; (3) First Horizon is a "debt collector" as defined by the FDCPA, and (4) First Horizon violated a provision

of the FDCPA in attempting to collect a debt. White v. Universal Fid., LP, 793 F. App'x 389, 391 (6th Cir. 2019) (citing Bauman v. Bank of Am., N.A., 808 F.3d 1097, 1100 (6th Cir. 2015)).

Jenkins-Parks fails to state a FDCPA claim. She has not plausibly alleged any facts identifying a personal debt or suggesting that First Horizon (a bank) qualifies as a debt collector.[6] Barnes v. Cap. One Fin. Corp., No. 1:23-CV-182, 2023 WL 6606026, at *5 (S.D. Ohio Oct. 10, 2023) (finding that plaintiff failed to plead a FDCPA claim where her complaint "consist[ed] of little more than legal conclusions, with virtually no supporting factual allegations"), report and recommendation adopted, 2023 WL 9271174 (S.D. Ohio Oct. 30, 2023). And although § 1692f is meant to be non-exhaustive, Jenkins-Parks has not alleged any facts demonstrating how First Horizon's alleged "furnishing and maintaining inaccurate information," (ECF No. 2 at PageID 3), was an unfair or unconscionable attempt to collect a debt. See Jones v. U.S. Dep't of Educ., No. 2:15-CV-10171, 2017 WL 9471877, at *12 (E.D. Mich. Feb. 12, 2017) (finding plaintiff failed to allege facts demonstrating how "the defendant used an unfair or

---

[6]The Sixth Circuit has held that "a bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003) (quoting Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)) (collecting cases) (citation modified).

unconscionable practice to collect or attempt to collect the debt" under § 1692f), report and recommendation adopted, 2017 WL 875297 (E.D. Mich. Mar. 6, 2017), aff'd, No. 17-1516, 2017 WL 9291893 (6th Cir. Dec. 8, 2017). Accordingly, Jenkins-Parks fails to state a § 1692f claim, and the undersigned recommends that this claim be dismissed.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that Jenkins-Parks's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 14, 2025
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**