IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SHANETTE JENKINS-PARKS, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-02205-SHL-tmp |
| | ) | |
| FIRST HORIZON BANK, | ) | |
|    Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

Plaintiff Shanette Jenkins-Parks filed a pro se complaint against Defendant First Horizon Bank for alleged violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. (ECF No. 2.) Chief Magistrate Judge Tu M. Pham screened her complaint under 28 U.S.C. § 1915(e)(2).[1] In his report and recommendation, Judge Pham finds that the complaint fails to state a claim and recommends that it be dismissed. (ECF No. 8 at PageID 18, 20.) There being no objections to the R&R, and finding no clear error, it is **ADOPTED**.

Jenkins-Parks's two-page complaint is sparse on the details. (See ECF No. 2.) She only provides two facts in support of her two claims. (ECF No. 2 at ¶¶ 5–6.) First, she alleges that First Horizon "reported inaccurate late payments and derogatory marks" on her "closed account," despite "timely payments and account closure at the bank's request." (Id. at ¶ 5.) She then states that she "disputed the inaccurate information with credit reporting agencies," but First Horizon "failed to conduct a reasonable investigation." (Id. at ¶ 6.) Thus, she claims that First Horizon violated (1) the FCRA because it failed to ensure the accuracy of reported information

---

[1] Because Jenkins-Parks is proceeding in forma pauperis (ECF No. 7), her complaint must be preliminarily screened to determine whether it is frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

and failed to conduct a reasonable investigation into her dispute and (2) the FDCPA because it engaged in unfair and deceptive collection practices by furnishing and maintaining inaccurate credit information. (Id. at ¶¶ 7–9.)

In his R&R, Judge Pham correctly finds that Jenkins-Parks failed to allege any facts to plausibly plead either of her claims. To state a claim under the FCRA, Jenkins-Parks must allege that (1) she disputed inaccurate information to a credit reporting agency, (2) that agency notified First Horizon of the dispute, and (3) First Horizon failed to reasonably investigate the dispute. See Rajapakse v. Credit Acceptance Corp., No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021) (citing 15 U.S.C. § 1681s-2(b)). But Jenkins-Parks has not alleged any facts explaining how the late payments at issue were inaccurate or what the allegedly "derogatory remarks" were. (ECF No. 8 at PageID 17.) Moreover, she has not identified the credit reporting agency she contacted, and she has not alleged that this agency notified First Horizon of the dispute. (Id.) Thus, Jenkins-Parks has pled no facts to show that First Horizon's duty to reasonably investigate was triggered, and, even if it were, she does not specifically explain how First Horizon violated its duty. (ECF No. 8 at PageID 17–18.) Because she has not pled a single element of her FCRA claim, the R&R recommends that it be dismissed.

Jenkins-Parks's FDCPA claim is similarly deficient. To plead a claim under the FDCPA, Jenkins-Parks must allege that (1) she is a "consumer," (2) her debt arises out of transactions for personal or household purposes, (3) First Horizon is a debt collector, and (4) First Horizon violated a provision of the FDCPA in attempting to collect on her debt. See White v. Univ. Fidelity, LP, 793 F. App'x 389, 391 (6th Cir. 2019) (citing Bauman v. Bank of Am., N.A., 808 F.3d 1097, 1100 (6th Cir. 2015)). As the R&R identified, Jenkins-Parks has not plausibly alleged any facts to show that (1) her debt was incurred for personal or household purposes, (2)

First Horizon is a debt collector, and (3) reporting allegedly inaccurate information qualifies as a deceptive collection practice under the FDCPA. (ECF No. 8 at PageID 19–20.) Given these fatal deficiencies, the R&R recommends that the complaint be dismissed. (Id. at PageID 20.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Jenkins-Parks's deadline to object to the R&R was July 28 (ECF No. 8 at PageID 20), and she has not filed any objections. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R correctly found that Jenkins-Parks's barebones complaint failed to state a claim under the FCRA or the FDCPA and, given the breadth of the missing details, it should be dismissed. (Id. at PageID 18–19.) Thus, the R&R is **ADOPTED** and the complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 31st day of July, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE